①

In The United States District Court
Eastern District of Arkansas
Pine Bluff Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 0 5 2017
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Kevin Ray Adkins,           Plaintiff
ADC #113581

VS. Case no. 5:16-CV-00372-KGB-BD

Wendy Kelly, et al.         Defendants

## Supplimential Complaint

1) A. Persons to omit from complaint
Mrs. M.D. Jimdja                CO Griffin
William Kirk & C Hubbard
N.P. Grusivald
Nurse Horn
Rory Griffin
M.D. Robert Floss
Wendy Kelly - Director

B. I am persuing my failure-to-protect claim at this time and not persuing my claim of deliberate indifferance to my medical needs.

A 1) On April 2 at about 10-10:30 A.M. I Unknown was assaulted with a push broom head by inmate Drew who worked in the kitchen. The officer on the door was or is unknown to me but would be named in this 1983 civil suit as a defendant. A Sgt. A Williams did an investigation of the assault and would know that officers name. He also took witness statements from inmates Todd & Barrows. Now the officer on the door signed out the tools to the barracks porters and did not supervise their use and didn't collect them after cleaning up was done. Instead inmate Drew was allowed uninhibited to go get the push broom head; strike me with the broom head unnoticed by staff; and until I brought it to their attention they were unaware the tools were in the barracks not being used. Or that the broom head had been used in an assault. Showing that staff was not only not supervising use of barracks tools but not collecting them once cleaning was done

b. Prison officials "knew" leaving tools unchecked and unsuppervised creates an excessive risk to inmates health and safety. As inmate Drew willingly admitted to assaulting me when asked; if the mops and brooms would have been collected after cleaning there would have been no weapon to use.

c. Pain and suffering - ~~scribbled~~
Emotional Stress & Strain - ~~scribbled~~
Prison officials "deliberate indifferance" to substancial risk of serious harm ~~scribbled~~

2) A. After 3 days in isolation, I was released. I went to master control where Captain Smith (Shift Supervisor) choose to reassign me back to 6 barracks and back to bed 30 which I had been robbed from. Captain Smith had to have had a reasonable amount of common knowledge that a barracks I had just been assaulted in and robbed would still HAVE friends and sympethizers of the inmate who would be a threat to my health and safety. So being a shift supervisor he


choose to put me in a hostile enviroment knowing all the facts. While working under color of state law showed "Deliberate indifferance", instead of placing me in another barrack. In Farmer v. Brennan The Supreme Court, Justice Souter held that (1) prison officials may be held liable under Eighth Amendment for denying humane conditions of confinement only if they know that inmates face substancial risk of serious harm and disreguarded that risk by failing to take reasonable measures to abate it.

b. Captain Smith "knew" it was wrong to put me back in 6 barrack; back in the bed I had been robbed from. His actions were malicious and callous. He choose to try to inflame the situation which still existed between me & those on inmate Drews side.

c. ① Cruel and Unusual Punishment
② Deliberate Indifferance to substancial risk of serious harm to an inmate
③ Malicious and Manevialent actions causing emotional and mental stress


a3) Warden Page would have known about the incident between Drew and I as the head warden. When I did not get any help from Internal Affairs or The Arkansas Ethics Committee when I had wrote them on or about April 23, 2016 trying to get some outside help. Only to be ignored as no help ever was given from either. I grieved the hostile living situation to Warden Page 5/22/16 and never heard anything back. On 5/31/16 I was moved due to filling out another grievance. When I have reached out to everyone who can easily reamidy my situation and noone out of 3 different people will lift a finger to help then who was I to turn to.

b. Warden Page as the head warden had a job to do to take reasonable measures to guarantee inmates safety and health. The fact that he knew of my previous assault in 6 barracks and after my grieving the hostile, threatening enviroment shows he was being subjectively reckless in showing deliberate indifference.

c. Deliberate Indifference
Emotional & Mental Stress & Trama

a 4) Lt. Jones was on the building security and Sgt. Wright was facilitating my grievance and she took me to Lt. Jones to grieve my hostile living enviroment. I explained to Lt. Jones all that was happening and how it was unbearable. He told me & Sgt Wright clearly that he would move me to 15 barracks that day. I still sent my grievance on to Warden Page. The fact that I had already been assaulted and had put myself in a compermissing situation by putting myself "out there" by talking to building security only put me more in danger and still was not moved. There was no way of knowing wether or not what I had told Lt. Jones would somehow get back to 16 barracks which is not unusual. I had sent Internal Affairs as well as 2 other agencies letters which told how I had seen Lt. Jones as well as an inmate strong arm an inmate for the cost of a



pair of shoes. I wound up getting one of those letter back through return mail. I had sent them out 4/23 and was talking to Sgt Wright and Lt. Jones 5/23 a month later.

6. Sgt. Wright facilitated processing my grievance and was present and heard every word Lt. Jones told me which was that; that day I would be moved to 5 barracks. After telling Lt. Jones names of inmates threatening me and telling him what they were doing. I reached out to the only help offered to me and my needs as well as my request was disregaurded and ignored the question under the Eighth Amendment is wether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficently substancial risk of serious damage to his future health. It does not matter wether the risk comes from a single source or multiple sources, any more than it matters wether a prisoner faces an excessive risk

of attack for reasons personal to him or because all prisoners in his situation face such a risk.

c.) Deliberate indifference to the substancial risk of serious harm to an inmate.
② Emotional, Mental Stress, Trama

(Captain Smith) [in margin] 5) On May 31 I filled out another grievance to be moved and again Sgt. Wright facilitated processing my grievance. This time after bringing up Lt. Jones not moving me to her attention [in margin] she went to Captain Smith who again made me tell him why I felt I needed moved from 6 barracks. When he knew about the assault & robbery. He then said if he moved me would I be willing to tear up the grievance. He said he would move me if I tore up the grievance. Well I was so desperate to get out of 6 barracks I said yes, but had no intention of tearing it up. When Sgt. Wright came to get me to move me she insisted I tear up the grievance as she illustrated I had told Captain Smith I would in order for him to move me. Captain Smith was

the shift supervisor and showed no regret for having placed me back in the hostile enviroment of 6 barracks. He extorted a barracks change by denying me my right to grieve, my or the ADC policies and procedures. Now all I have is the left over remains of a grievance I was denied to grieve due to wanting safety and peace of mind.

b. Having stripped us of virtually every means of self-protection and foreclosed our access to outside aid, the state and its officials are not free to let the state of nature take its course. Being violently assaulted then placed back in that exact same enviroment in prison is simply not part of the penalty that criminal offenders pay for their crimes against society. Captain was the sole reason as shift supervisor for my situation.

c. Deliberate Indifference
Mental and Emotional Stress
Extortion for official duties

Warden A  5) A week after I was put back in
Mills   the le barracks my key to my box
was stolen. So I went to Assistant
Warden Mills and explained how I
had been assaulted & robbed. That
since then I had been having bad
headaches and that I had people threatening
and antagonizing me. He told me "I'm
aware of your situation", but would
not move me. Instead he had the cylinder
in my lock changed and that was all
he was willing to do. Warden Mills
knew that I was in a hostile enviroment
his words as well as me telling him
made all of that obvious as well as being
warden, he choose to violate the
Cruel and Unusual Punishment Clause.
His actions show a "sufficiently culpable
state of mind" because his state of mind
is one of deliberate indifference to
my health & safety.

6) Deliberate Indifference
   Mental and Emotional Stress

7) A. I went ahead and sent several grievances on up the chain of Command to Dexter Payne the Assistant Director who could have had me moved. He instead felt my grievances had no merit and that being threatened on a daily bases and all the after effects of the assault had no merit. Mr. Payne as director has a reasonable duty to correct things brought to their attention such as health and safety problems.

b. In such situations where the decisions of prison officials are typically made in haste, under pressure and frequently without the luxury of a second chance. But after 3 appeals to a decision and all confirm denying being moved from hostile enviroment. In this case an Eighth Amendment deliberate indifference must be seen as applied with force maliciously and sadistically for the very purpose of causing harm; with a knowing willingness that harm could occur due to already having had.

A9 In the conclusion of my Supplimentual Complaint it is my hope that I have shed adequate light on my cause to not only be understood but concise.

Relief sought

Claim (1) 100 million
Claim (2) 100 million
Claim (3) 100 million
Claim (4) 100 million
Claim (5) 100 million
Claim (6) 100 million
Claim (7) 100 million

Thankfully
Sincerly,

Kerri Ray Adkins
ADC #113581

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

2017 JAN -5 AM 9:52

JAMES W. McCORMACK

BY:

## CERTIFICATE OF SERVICE

This is to certify that on the __2__ day of __January__, 20_17_, a copy of the foregoing Petition was mailed, with sufficient postage affixed, to the Prosecuting Attorney of ____ County at:

United States District Court - Clerks Office
Richard Shepard Arnold United States Courthouse
600 W. Capitol Avenue Suite A-149
Little Rock, Arkansas 72201-3325

_____
Petitioner, *pro se*

Subscribed and sworn to before me, a Notary Public for the State of Arkansas, on this 2 day of January 2017. My Commission Expires 10-21-2018

*(signature)* Kimberly Riley

KIMBERLY RILEY
NOTARY PUBLIC-STATE OF ARKANSAS
JEFFERSON COUNTY
My Commission Expires 10-21-2018
Commission # 12368780